IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan Glenn Dowdy, #231551, | ) |
| Petitioner, | ) |
| | ) C.A. No.: 8:07-1706-PMD |
| v. | ) |
| | ) **ORDER** |
| Warden, Broad River Correctional Institution, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court upon Petitioner Jonathan Glenn Dowdy's ("Petitioner" or "Dowdy") petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The record contains a report and recommendation ("R&R") of a Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R&R recommends that the Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 petition be dismissed with prejudice. If a party disagrees with the recommendation as it stands in the R&R, that party may submit written objections to the court within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Petitioner filed timely objections to the R&R.

## BACKGROUND

During the June 1995 term of General Sessions, the Richland County Grand Jury indicted Dowdy for murder, armed robbery, and criminal conspiracy. (Kinnard App. at 852-58.) Dowdy was tried and convicted by a jury as charged on February 22, 1996. (Kinnard App. at 848-59.) The petitioner was 15 years old at the time of the murder for which he was charged but was tried as an adult. The Honorable Gary E. Clary sentenced Dowdy to life imprisonment for murder, thirty (30) years consecutive for armed robbery, and five (5) years concurrent for conspiracy. (Kinnard App. at 703.) Dowdy filed a timely Notice of Appeal, but the appeal was dismissed

following an *Anders* brief on November 17, 1997. (Kinnard App. at 823.)

Dowdy subsequently filed an application for Post-Conviction Relief ("PCR") on January 16, 1998. (Kinnard App. at 719.) The Honorable J. Ernest Kinard, Jr., granted post-conviction relief as to Petitioner's right to seek a belated appeal of his family court waiver of jurisdiction and denied all remaining allegations by written Order dated June 30, 1999. (Kinnard App. at 785.) Petitioner then filed a timely Petition for Writ of Certiorari. The South Carolina Supreme Court granted certiorari and reviewed the Petitioner's direct appeal issue regarding waiver in the Family Court and denied it. (Harwell App. at 817.) The court denied certiorari as to review of the other post-conviction relief findings. (Harwell App. at 817.)

After the dismissal of his first PCR application, Dowdy filed two more, one on November 16, 2001, and another on April 3, 2006. (Harwell App. at 729; *see also* Doc. 14, Attachment 6.) Both were dismissed as untimely and successive under South Carolina law. (Harwell App. at 845-47; *see also* Doc. 14.)

Dowdy filed this petition for writ of habeas corpus under 28 U.S.C. § 2254[1] in the United States District Court for the District of South Carolina on or about June 21, 2007. Dowdy raises three challenges in his petition (verbatim):

---

[1] 28 U.S.C. §2254 provides, in relevant part,
**(a)** [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
**(b)(1)** An application for a writ of habeas corpus . . . shall not be granted unless it appears that–
    **(A)** the applicant has exhausted the remedies available in the courts of the State; or
    **(B)(i)** there is an absence of available State corrective process; or
    **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.

>**GROUND ONE**: Ineffective assistance of counsel, at trial, and on appeals.
>**Supporting facts**: Trial counsel was ineffective where he did not provide all modes of defense on my behalf. Appellate counsel(s) was ineffective where they failed to present certain errors of law, made by trial counsel, as well as, other appellate counsel.
>
>**GROUND TWO**: Subject matter jurisdiction.
>**Supporting facts**: General Sessions Court lacked jurisdiction, or authority to try applicant, due to fact of applicant being a juvenile at the time of offense and trial, and applicant never being bounded over to the Court of General sessions from family court.
>
>**GROUND THREE**: Prosecutorial misconduct.
>**Supporting facts**: Respondents in all of my motions since trial until present, have been made aware of certain modes of defense that were not afforded to me, due to missing documents and transcripts of my case.

(Pet. at 6-9.) The Magistrate Judge issued an R&R on March 18, 2008, recommending that Respondent's Motion for Summary Judgement be granted and Dowdy's habeas petition be dismissed with prejudice. (R&R at 9.) The Magistrate Judge made this recommendation because she concluded the petition was not timely filed. (*Id*. at 5.)

## STANDARD OF REVIEW

### A.     Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party.

*Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

### B.     Magistrate Judge's R&R

The Magistrate Judge only makes a recommendation to the Court. This recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged to review *de novo* those portions of the R&R that have been specifically objected to, and the court may accept, reject, or modify, in whole or in part, the recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). Courts have held *de novo* review to be unnecessary when a party makes general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *See, e.g.*, *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Pendleton v. Rumsfeld*, 628 F.2d 102, 106 (D.C. Cir. 1980). Additionally, the court may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. §636 (b)(1). After a review of the entire record, the R&R, and Petitioner's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## ANALYSIS

### A.  Section 2254 Petitions

With respect to those claims that were adjudicated by the state court on their merits, habeas relief is warranted only if a petitioner can demonstrate that the adjudication of his claims by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08.

"The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable." *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002). "The focus of the [unreasonable application] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal habeas court may not issue the writ under the "unreasonable application" clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly

established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411.

### B. Objections

Dowdy does not deny that he failed to file his Petition within the one-year limitations period provided in 28 U.S.C. § 2244(d),[2] nor does Dowdy allege that extraordinary circumstances beyond his control or external to his own conduct prevented him from filing on time. Rather, Dowdy objects to the Magistrate Judge's contention that the one year statute of limitations established in 28 U.S.C. § 2244(d) applies to his case. (Objections at 5.) He argues the statute of limitations should not apply to his case since his habeas corpus petition is based on subject matter jurisdiction, which he asserts may be raised at any point in time. (Objections at 5.)

---

[2] 28 U.S.C. § 2244(d)(1) provides,

**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The court finds this objection to be without merit for two reasons: (1) a state court's determination of its subject matter jurisdiction is not cognizable on federal habeas review, and (2) Dowdy has not demonstrated any reason why the one-year limitation period should not apply. With respect to the first reason, the Fourth Circuit has addressed an argument similar to the one Dowdy makes herein. In *Wright v. Angelone*, 151 F.3d 151 (4th Cir. 1998), the petitioner argued he was entitled to a new trial because the state circuit court lacked jurisdiction over two counts of his indictment; he argued that, contrary to what was done in his case, "Virginia law require[d] that any charges brought against him must have originated in the juvenile court and be examined by the juvenile court in a transfer hearing before the circuit court may obtain jurisdiction over the charges." *Wright*, 151 F.3d at 157. The Fourth Circuit rejected the petitioner's claim:

> It is black letter law that a federal court may grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a) (West Supp. 1998); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (emphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") Because [the petitioner's] claim, when pared down to its core, rests solely upon an interpretation of Virginia's case law and statutes, it is simply not cognizable on federal habeas review. *See Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law).

*Wright*, 151 F.3d at 157.

Thus, while a federal court is obligated to raise questions concerning its own subject matter jurisdiction *sua sponte* in all cases, *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1316 (11th Cir. 2004), this principle does not extend to *sua sponte* examination of a state court's subject matter jurisdiction by a federal court. Whether a state court has subject matter jurisdiction

over an offense is a question of state law. *U.S. ex. rel. Flowers v. Rundle*, 314 F.Supp. 793, 794 (E.D.Pa. 1970); *see also Estelle*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); 28 U.S.C. § 2254(d). In federal habeas proceedings, the district court simply does not review determinations of state law made by South Carolina courts. *See Pulley v. Harris,* 465 U.S. 37 (1984) (stating, in the context of a petition pursuant to 28 U.S.C. § 2241, that a "federal court may not issue the writ on the basis of a perceived error of state law"). Thus, it appears that Dowdy's objection is without merit because his claim that the state court did not have jurisdiction is not cognizable on federal habeas review.[3]

---

[3]Dowdy cites *Patton v. Toy*, 867 F. Supp. 356 (D.S.C. 1994), and contends that the standard set forth in *Patton* "should also be applied in this present case." (Objections at 4.) In *Patton*, the petitioner brought a petition pursuant to 28 U.S.C. § 2254. A juvenile petition was brought against her in August of 1980, charging her with murder and armed robbery. *Patton*, 867 F. Supp. at 357. On August 21, 1980, a request to transfer the case to the court of general sessions was filed with the family court. A hearing was held on August 25, 1980, in which a family court judge ordered the murder charge be transferred to the court of general sessions. *Id*. at 357-58. At trial on or about October 27, 1980, the petitioner was found guilty of murder and was sentenced to confinement in the Department of Juvenile Corrections until her twenty-first birthday, thereafter to be committed to the state Department of Corrections for the remainder of her life. *Id*. at 358.
     The petitioner filed the habeas petition at issue on January 13, 1993, and one of her claims was that "her due process rights, protected by the sixth and fourteenth amendments, were violated in her waiver hearing from the Family Court to the Court of General Sessions." *Id*. at 358, 359. Judge Blatt concluded that the petitioner was entitled to release, stating, "Based on the record herein, this court cannot undertake a 'meaningful review' of the waiver hearing afforded petitioner and it concludes that the petitioner did not receive the required due process, because there is no stated basis upon which the Family Court Judge determined that petitioner could not have been rehabilitated." *Id*. at 364-65.
     Contrary to Dowdy's argument, this court need not perform an analysis similar to Judge Blatt's in *Patton*. The order in *Patton* was issued on October 27, 1994, well before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which was signed by President Clinton on April 24, 1996. Section 101 of the AEDPA placed the one-year statute of limitations upon applications for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. *See*

As noted above, the second reason Dowdy's objection is without merit is because he has not shown that the one-year statute of limitations does not apply to his case. The petitioner in *Moore v. Ozmint*, No. 8:06-0990-GRA-BHH, 2006 WL 2873620 (D.S.C. Oct. 4, 2006), made an objection similar to the one made herein; the petitioner in *Moore* argued that his subject matter jurisdiction claim could be raised at any time notwithstanding the time limitation in § 2244(d). *See Moore*, 2006 WL 2873620, at * 1. The court therein stated, "There is no exception under the AEDPA for subject matter jurisdiction claims, and petitioner does not assert any facts that would allow his claim to go forward under the limited exceptions to the AEDPA." *Id*. In the case *sub judice*, as in *Moore*, the one year statute of limitations imposed by 28 U.S.C. § 2244 applies. Because the instant habeas petition was clearly filed outside of that one-year time period, the court concludes the Magistrate Judge properly determined Dowdy's petition is time-barred.

Dowdy further argues that there is a genuine issue of material fact in his case, so summary judgement should be denied. (Objections at 3-4.) There is no need to analyze Dowdy's objection to summary judgment since Dowdy's petition is barred by time. For the above-stated reasons, the court concludes Dowdy's objections are without merit.

---

Antiterrorism and Effective Death Penalty Act of 1996 § 101. Because *Patton* does not address the application of the one-year statute of limitations, the court concludes its reasoning is not persuasive.

9

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Respondent's Motion for Summary Judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

                                                                                            _____
                                                                                            PATRICK MICHAEL DUFFY
                                                                                            United States District Judge

**Charleston, South Carolina**
**June 13, 2008**

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Federal Rules of Appellate Procedure 3 and 4.  *See* Fed. R. App. P. 3-4.